**Chen BIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4701–AG.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Steven A. Mundie, New York, New York, for Petitioner.

Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, Gordon B. Cecil, Assistant United States Attorney, Muskogee, Oklahoma, for Respondent.

Present: WALKER,Chief Judge, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Chen Bin, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). Questions of law and application of law to fact are reviewed *de novo*. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). We review the IJ's findings of fact and credibility under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot

insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales*, 331 F.3d at 307) (internal quotations omitted). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft*, 232 F.3d 279, 287–88 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 73, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312.

■ The threshold matter in this case is whether Bin is eligible for asylum at all, when his victimized "wife" was not legally registered as such. *See Matter of C–Y–Z–*, 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997) (holding that the spouse of a direct victim of a forced abortions or sterilization is *per se* eligible for asylum). This issue concerns an application of law to fact that we review *de novo*. *See, e.g., Secaida–Rosales*, 331 F.3d at 307. We have not ruled conclusively on the significance of official recognition of a marriage to spousal eligibility, though we have remanded at least one forced sterilization case with underage spouses, on different grounds. *See Qiu v. Ashcroft*, 329 F.3d 140 (2d Cir. 2003). Other circuits are split on the issue. *Compare Ma v. Ashcroft*, 361 F.3d 553, 559 (9th Cir.2004) (holding that lack of registration did not affect eligibility, in light of Congress' and the BIA's intent in extending protection: to provide relief to couples and to keep families together) with *Chen v. Ashcroft*, 381 F.3d 221, 228–29 (3d Cir.2004) (distinguishing *Ma* and finding that it was rational for the BIA to distinguish between married and unmarried couples). We recently remanded three cases involving unmarried couples for the BIA to clarify its rationale for creating spousal eligibility in *C–Y–Z–*. *See Shi Liang Lin v. U.S.D.O.J.*, 416 F.3d 184 (2d Cir.2005). Because resolution of Bin's claim may turn on the BIA's ultimate decision in *Shi Liang Lin*, we remand for the BIA to reconsider this case in light of the resolution that pending decision.

■ Before denying an application for lack of sufficient corroboration, the IJ must identify the particular pieces of missing, relevant documentation, and show that this documentation was reasonably available to the petitioner. *Qiu*, 329 F.3d at 153 (citing *Diallo*, 232 F.3d at 285–90). The IJ clearly met these requirements here, expressing concern over Bin's failure to submit his household registration or national ID cards, explaining why they were relevant, and ascertaining that they were absent only because Bin's lawyer chose not to request them. Neither Bin nor his lawyer claimed the evidence was unavailable. Moreover, Bin's lawyer clearly anticipated that Bin's father, who lived nearby, might be needed as a witness, having stated so verbatim in his October 2000 Motion to Change Venue. Thus, the failure to produce such critical corroboration "could reasonably be deemed more a product of [Bin's or his lawyer's] oversight or neglect than of the documents' [and the father's] unavailability." *Zhang*, 386 F.3d at 78. However, the lack of corroboration is not necessarily fatal. *See Qiu*, 329 F.3d at 153; *Diallo*, 232 F.3d at 287.

Before finding an applicant's testimony incredible, an IJ must identify specific implausibilities and explain how they tend to discredit the applicant. *See Secaida–Rosales*, 331 F.3d at 307. Here, the IJ cited two examples of allegedly implausible testimony: first, the wife's attempt to hide her pregnancy in the family home, and second, Bin's ability to escape immediate arrest and hide in his uncle's house after his altercation with the officials. However, the IJ never expressed concern that these parts of the story were illogical during the hearing. We have recommended that an IJ resolve "nagging doubts" about an applicant's credibility by posing "questions aimed at eliciting inconsistent or inherently implausible statements." *Qiu*, 329 F.3d at 152 n. 6; *see also Secaida–Rosales*, 331 F.3d at 307. The IJ only asked one such question, regarding why the police did not arrest Bin at the family planning office, but never addressed the adequacy of his response. The IJ merely concluded that Bin's story made no sense, without trying to obtain clarifying details or explaining why those provided where illogical. Because the IJ did not "carefully detail the reasoning leading to the adverse finding," the conclusions appear to rest on speculation or conjecture, and thus cannot satisfy the substantial evidence standard. *Secaida–Rosales*, 331 F.3d at 307, 312.

The IJ cited two inconsistencies in Bin's testimony as tending to discredit his credibility overall, neither of which was a proper basis for an adverse credibility finding, and neither of which was supported by substantial evidence. Bin stated at his credible fear interview, and testified consistently in court, that he went into hiding on May 4, 2000. During one exchange in court, he briefly stumbled over this answer once, but immediately corrected himself. The IJ's unique position to observe the applicant's demeanor ordinarily requires us to afford the IJ's credibility determina-

tions substantial deference. *Zhang*, 386 F.3d at 73. Here, however, the IJ referred exclusively to this exchange, rather than to demeanor. " 'Credibility findings resting on analysis of testimony rather than on demeanor may deserve less than usual deference.' " *Secaida–Rosales*, 331 F.3d at 307 (quoting *Cordero–Trejo v. INS*, 40 F.3d 482, 487 (1st Cir.1994)). Here, the IJ's analysis rests solely on a misstatement of fact, and thus cannot withstand substantial evidence review. *Zhang*, 386 F.3d at 74.

Further, the IJ improperly speculated that Bin's testimony, indicating that his wife's abortion took place at Tian Tau hospital, was "totally and completely different" from the abortion certificate he submitted, which indicated that it took place at Changle County Birth Control Service Station. We have implied, and the Ninth Circuit has stated explicitly, that the "IJ must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum." *Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004); *see Qiu*, 329 F.3d at 152. The IJ may not overemphasize such inconsistencies when the applicant is able to offer a plausible explanation. *Secaida–Rosales*, 331 F.3d at 308. Because the IJ failed to alert Bin that a possible discrepancy existed, he had no chance to offer any explanation until he appealed to the BIA. The IJ improperly speculated that the issue cast a "negative credibility light on the whole issue of the abortion" without determining whether a contradiction even existed; therefore substantial evidence on the record does not support the adverse credibility determination. *Id.* Because the IJ's credibility determination is not supported by substantial evidence, the BIA's decision affirming the IJ cannot stand. *Qiu*, 329 F.3d at 157.

The IJ's eligibility determination merits reconsideration pending the BIA's resolution of *Shi Liang Lin,* and the credibility finding is not supported by substantial evidence on the record. The decision of the BIA is accordingly VACATED and the case is REMANDED for further proceedings consistent with this decision. The motion for a stay of removal is DENIED as moot.